J-S49028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARL K. MYERS, | |
| Appellant | No. 3243 EDA 2013 |

Appeal from the Judgment of Sentence November 7, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-36-CR-0004755-2011

BEFORE: OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 23, 2014**

Karl K. Myers appeals from the judgment of sentence imposed on November 7, 2013 in the Court of Common Pleas of Montgomery County, following his convictions on 14 counts of drug related charges.[1] He received an aggregate sentence of 14 to 30 years' incarceration. The charges arose from Myers' participation in a cocaine distribution ring operating out of a barbershop. In this timely appeal, Myers claims the trial court erred in failing to grant a mistrial after the Commonwealth presented evidence to the jury it claimed it did not have, and in permitting a police officer to testify as

_____

[1] The charges included: one count each of corrupt organization, 18 Pa.C.S. § 911(b)(3); dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1); conspiracy, 18 Pa.C.S. § 903(a); three counts of criminal use of a communication facility, 18 Pa.C.S. § 7512(a); and four counts each of possession of cocaine, 35 P.S. § 780-113(a)(16) and possession of cocaine with the intent to deliver 35 P.S. 780-113(a)(30).

an expert witness who also testified as a fact witness.[2]  After a thorough review of the certified record, the submissions by the parties and relevant law, we affirm on the sound basis of the trial court's opinion dated January 9, 2014.

We write briefly to supplement the trial court's reasoning regarding Myers' first issue.  Prior to trial, the Commonwealth informed Myers' counsel the Commonwealth would be presenting certain surveillance videos of the barbershop, but that Myers would not be in any of the portions shown.  This resulted in a stipulation agreeing to the admission of the video.  Myers' counsel highlighted the fact his client was never seen at the barbershop in his opening statement.  Nonetheless, the Commonwealth showed a brief portion of a video showing Myers exiting his car outside the barbershop.  The trial court appropriately concluded the Commonwealth had violated the terms of the agreement.  However, the trial court denied the motion for mistrial.  Instead, the trial court gave a very strong limiting instruction to the jurors highlighting the improper nature of the evidence and instructing the jury that on no account could they consider the evidence.  In its Pa.R.A.P. 1925(a) opinion, the trial court denied Myers relief based upon the

---

[2] Our standard of review for the denial of a motion for mistrial is one of an abuse of discretion.  **See Commonwealth v. Padilla**, 923 A.2d 1189, 1192 (Pa. Super. 2007).  Decisions regarding the admission of evidence are also reviewed for abuse of discretion.  **See Commonwealth v. Feliciano**, 67 A.3d 19, 27 (Pa. Super. 2013).

strength of the instruction and the lack of any indication that the jury ignored the instruction.

While we agree with the trial court's analysis, we also note that there was sufficient evidence beyond the video surveillance to support the convictions, and therefore, even if the trial court erred in refusing to grant a mistrial the error was, at most, harmless error. Myers was identified multiple times on wiretap recordings negotiating for the purchase of substantial amounts of cocaine. He was also under surveillance as people from the barbershop travelled to South Philadelphia to meet Myers to deliver the cocaine he had ordered over the phone. Accordingly, whether Myers was ever at the barbershop was of minimal importance.

Because our review has found no abuse of discretion on the part of the trial court, we affirm the judgment of sentence.

Judgment of sentence affirmed. Parties are directed to attach a copy of the January 9, 2014 trial court opinion in the event of further proceedings.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/23/2014</u>

9IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :        CP-46-CR-0004755-2011

V.                             :

KARL K. MYERS                  :        3243 EDA 2013

## OPINION

CARPENTER  J.                              JANUARY 9, 2014

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Karl K. Myers, appeals from the judgment of sentence imposed on November 7, 2013, following a five day jury trial at which he was convicted of corrupt organizations, four counts of possession of cocaine, four counts of possession with intent to deliver, dealing in proceeds of unlawful activities, three counts of criminal use of communications facility and criminal conspiracy.

From April of 2011, through May of 2011, the Montgomery County Detective Bureau, along with the Tredyffrin Township Police Department, conducted a wiretap investigation and utilized video surveillance, uncovering a large and sophisticated cocaine distribution ring. The drug ring was centrally operated out of A & L Head's Up Hair Studio at 932 Upper Gulph Road, Tredyffrin Township, Montgomery County, Pennsylvania. Appellant was convicted for his major role in the drug distribution organization.

EXHIBIT A

On January 4, 2013, a hearing on pretrial motions filed by Appellant and his two co-defendants, Patrick Wedderburn and Michael Dennis, was conducted. Subsequently, on January 7, 2013, the three-defendant jury trial commenced, at the conclusion of which Appellant was found guilty of the aforementioned charges.

Sentencing was held on November 7, 2013, at which time an aggregate sentence of 14 to 30 year's imprisonment. This timely appeal was filed on November 22, 2013.

## ISSUES

I.      Whether the motion for a mistrial was properly denied.

II.     Whether Detective Reynolds provided proper testimony.

## DISCUSSION

I.      The motion for a mistrial was properly denied.

First on appeal, Appellant contends that this Court erred in denying his request for a mistrial after the jury was shown video surveillance of him when the Commonwealth told defense counsel prior to trial that said evidence did not exist and that Appellant was not in any of the video recordings.

During the testimony of Detective Michael Reynolds, the Commonwealth was eliciting testimony about a search warrant which was issued for a 2007 Acura, with license plate number HMB-4823 and registered to Appellant. (Trial by Jury, V. 3 1/ 9/13 pp. 5 – 6). The detective stated that the search warrant was never executed because the vehicle could not be located. Id.

2

at 6. At that juncture, the Commonwealth showed a videotape of Appellant at the barbershop exiting the Acura which was the subject of the search warrant. Id. at 6 – 7. Defense counsel made an objection and requested a sidebar. Id. at 7.

Once out of the presence of the jury, defense counsel made a motion for a mistrial, stating that any prejudice to his client could not be overcome based on his opening statement to the jury and his cross-examinations of the various witnesses. Id. at 8. Defense counsel explained that he had received an email from the Assistant District Attorney on the Sunday prior to trial which counsel represented that the email stated in part, "...Also, we will be using some fixed surveillance video of the barbershop. Karl is not in any of them." Id. Defense counsel argued that despite the Assistant District Attorney's representation to the contrary, the jury has now been shown that the car that Appellant drove in, an Acura, and which was registered to Appellant, was at the barbershop and that Appellant was seen by the jury in a video at the barbershop. Id. at 9.

The Commonwealth agreed that the email was sent, but disagreed with defense counsel's reading of that email. The Commonwealth asserted that the email doesn't say Appellant was never seen at the barbershop; but rather, it states that the Commonwealth will be using some fixed surveillance and that Appellant is not in any of them. Id. The Commonwealth argued that the email was not sent in bad faith, and explained that that the time the email was sent, the Commonwealth was using videos where Appellant was not seen at the

3

barbershop. However, subsequent to that email, the Commonwealth stated that it found other fixed surveillance in which Appellant is depicted at the barbershop. Id. at 9 – 10. The Commonwealth also argued that because this Court had, two days prior, stated that it would be allowed to use any and all video or audio evidence and that defense counsel had the hard drives of all of that evidence for over a year and a half prior to trial, defense counsel was on notice that Appellant could be seen in video surveillance at the barbershop. Id.

This Court agreed that what the Commonwealth told defense counsel in the email was that Appellant was not in any of the video surveillance of the barbershop and that defense counsel had every right to rely on that assertion in telling the jury that Appellant is not going to be seen in a video. Id. at 12 – 13. This Court never told the Commonwealth that it could use video evidence that it told a lawyer it wasn't going to use. Id. at 14. At that point, this Court denied the motion for a mistrial without prejudice. Id. at 14. This Court stated that at a break it wanted defense counsel to discuss with Appellant whether Appellant really does want a mistrial. Id. The objection was sustained, the evidence was stricken from the record and the jury was given a cautionary instruction. Id. at 14 – 15. The cautionary instruction was as follows:

> All right then, members of the jury, I'll remind you that in the oath you took what you swore to do, among other things, is follow my instructions on the law. Everyone in this courtroom, every defendant, every lawyer has the absolute right to rely on the fact that you will follow my instructions to the letter.

4

There was an objection to the last piece of evidence. That objection is sustained. That evidence is not admissible. It's stricken from the record. You must obliterate it from your mind. It can have no bearing on this trial. Strike it from your notes. Never refer to it. Never think about it. It was improper and impermissible. It's not part of this case. You must completely disregard it. You must follow the instruction that it may have no bearing whatsoever in you deliberations in any way in this case. All right?

Please proceed.

Id. at 15 - 16.

Defense counsel never pursued a mistrial. The record is silent as to whether he ever discussed a mistrial with Appellant, and whether that was something that he wanted.

It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. Commonwealth v. Chamberlain, 612 Pa. 107, 175-176, 30 A.3d 381, 422 (2011); Commonwealth v. Simpson, 562 Pa. 255, 754 A.2d 1264, 1272 (2000). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused." Commonwealth v. Wright, 599 Pa. 270, 310, 961 A.2d 119, 142 (2008) (quoting Christianson v. Ely, 575 Pa. 647, 838 A.2d 630, 634 (2003) (internal quotations omitted)). A mistrial is an extreme remedy and a trial court may grant a mistrial only "where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the

5

defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." Wright, 961 A.2d at 142; Simpson, 754 A.2d at 1272. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice. Commonwealth v. Spotz, 552 Pa. 499, 716 A.2d 580, 593 (1998); Commonwealth v. Lawson, 519 Pa. 175, 546 A.2d 589, 594 (1988). Whether the harm can be removed by curative instructions will be within the sound discretion of the trial court. Commonwealth v. Maloney, 469 Pa. 342, 365 A.2d 1237 (1976).

In this case, this Court determined that the cautionary instruction was appropriate to remove the harm that the inadmissible evidence caused. The instruction was firm, direct, specific, comprehensive and plain. Appellant has offered nothing to rebut the presumption the jury followed the trial court's instructions. Simpson, at 1272 (jury is presumed to follow trial court's instructions to disregard inadmissible evidence). Accordingly, this Court did not abuse its discretion in refusing to grant a mistrial.

In addition, defense counsel abandoned his request for a mistrial. This Court denied it without prejudice. Defense counsel was instructed to confer with Appellant to determine whether that was something he would want. The record is silent as to whether counsel did discuss the issue with Appellant and what Appellant's answer was.

6

II.    <u>Detective Michael Reynolds provided proper testimony.</u>

Appellant's second issue on appeal is whether this Court erred in permitting the investigating police personnel who was a fact witness to testify as an expert witness.

In this case, Detective Michael Reynolds was the affiant of the wiretap investigation, and oversaw the handling of the entire investigation, including listening to the conversations, reading all of the reports from surveillance and he was present while the interceptions were conducted at the plant, where the listening took place. (Pretrial Motions 1/4/13 p. 24). At trial, Detective Reynolds testified as a fact witness to the extent that he outlined a summary and scope of the investigation. As an expert witness he interpreted the linguistic jargon that was captured on the wiretap, and interpreted what his observations were from the video surveillance. This was proper.

The Superior Court in <u>Commonwealth v. Carter</u>, 589 A.2d 1133 (Pa.Super. 1991), has ruled that expert testimony from an officer who has just served as an eyewitness is prejudicial, reasoning that "[e]xpert opinion evidence [after eyewitness testimony]...encouraged the jurors to shift their focus from determining the credibility of the Officers' eyewitness testimony, and allowed them instead, to defer to the Officers' expertise as narcotics detectives. <u>Id.</u> at 1134. The Court warned that such testimony has been condemned as an invitation for the trier of fact to abdicate its responsibility to ascertain the facts relying upon the questionable premise that the expert is in a better position to make such a judgment. <u>Id.</u>

7

Under the facts of this case, the concerns in <u>Carter</u> are not implicated because Detective Reynolds was never an eyewitness to any of the drug transactions for which he provided an opinion. The Commonwealth presented numerous surveillance officers as fact witnesses who did testify as to the facts surrounding the video surveillance that they conducted. Detective Reynolds testimony did not run afoul of the concerns that the Superior Court expressed in <u>Carter</u>; therefore, the detective's testimony was proper.

CONCLUSION

Based on the forgoing analysis, the judgment of sentence entered on November 7, 2013, should be affirmed.

**BY THE COURT:**

_____
**WILLIAM R. CARPENTER    J.**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY**
**PENNSYLVANIA**
**38TH JUDICIAL DISTRICT**

Copies sent 1/9/14 to:
    first class mail:

Gina Capuano, Esquire

Interoffice mail to:
Robert Falin, Esquire -- ADA

8